UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LARRY CROSS,

                                        Petitioner,

                                                                    Case # 20-CV-7018-FPG

v.


TIMOTHY MCCARTHY,                                           DECISION AND ORDER

                                        Respondent.

## INTRODUCTION

*Pro se* Petitioner Larry Cross brings this habeas corpus petition under 28 U.S.C. § 2254 to challenge his state-court conviction for attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree. ECF No. 1. Respondent Timothy McCarthy opposes the petition. ECF No. 5. For the reasons set forth below, Petitioner's request for habeas corpus relief is DENIED, and the petition is DISMISSED.

## BACKGROUND

Unless otherwise noted, the following facts are drawn from the trial testimony. On December 11, 2014, Alexander Hernandez was watching a movie with two friends, Angel Castro and Michael Ireland, at his home in the City of Buffalo. ECF No. 12 at 754. Shortly before 3:30 p.m., they heard a knock on the downstairs door. *Id.* Castro went downstairs to answer the door. *Id.* When he did, the man at the door asked for Hernandez by his nickname, "Fro." *Id.* at 831-32. Castro went upstairs and let Hernandez know that someone was at the door for him. *Id.* When Hernandez arrived downstairs, he noticed that the door was slightly cracked open. *Id.* at 755. He then cracked the door a bit more so that he could see outside. *Id.* As he opened the door, he saw Petitioner standing a few feet away from him, pointing a gun at his chest. *See id.* at 755-56, 762.

1

Hernandez and Petitioner locked eyes and, after a few seconds, Petitioner opened fire, hitting Hernandez in the arm and leg. *Id.* at 757-58, 767. When Hernandez then tried to shut the door and run upstairs, Petitioner fired another shot. *Id.* at 758. The bullet hit Hernandez's spine, and he fell to the floor. *Id.*

Struggling to breathe, Hernandez managed to call out to Castro. *Id.* at 759. Castro called 911, and at some point, Hernandez identified Petitioner by name as the shooter. *Id.* at 836. About ten minutes after Castro called 911, the police arrived. *Id.* at 733-38. While there, they recovered four shell casings and observed damage to the front door and blood on the kitchen floor. ECF No. 13 at 232-37.

The next evening, police responded to another shooting in the City of Buffalo. *Id.* at 355. After arriving at the scene, they recovered a broken piece of tempered glass and three shell casings. *Id.* at 356, 390. Witnesses told the police that two cars, one gray and one red, had driven away from the scene. *Id.* at 405. About two blocks away, officers located a red vehicle with its rear and passenger rear windows shot out. *Id.* at 391. The vehicle belonged to Petitioner's aunt. *Id.* at 391.

Petitioner was arrested at his home on December 13, 2014. *Id.* at 262-63. Four months later, the Erie County Grand Jury returned an indictment charging him with attempted murder in the second degree, assault in the first degree, and two counts of criminal possession of a weapon in the second degree.[1] ECF No. 10-1 at 6-7. In September 2015, Petitioner was convicted of attempted murder in the second degree, assault in the second degree, and one count of criminal possession of a weapon in the second degree after a jury trial before the Honorable Russell P. Buscaglia in Supreme Court, Erie County.  ECF No. 1 at 1.  The jury acquitted Petitioner of the criminal possession of a weapon in the second degree count arising out of the December 12

---

[1] The indictment also charged a co-defendant with perjury in the first degree based on a statement made during grand jury testimony. ECF No. 10-1 at 7.

shooting. ECF No. 13 at 637. On February 17, 2016, the trial court sentenced Petitioner to a twenty-five-year term of imprisonment for attempted murder, a fifteen-year term of imprisonment for assault, and a fifteen-year term of imprisonment for criminal possession of a weapon, all to run concurrently. ECF No. 10-1 at 5. The court also imposed a five-year term of post-release supervision. *Id.*

Petitioner appealed his conviction to the Appellate Division, Fourth Department (the "Fourth Department"), arguing in his main brief that (1) the trial court should have granted his cause challenge to a prospective juror, "A.B."; (2) the verdict was against the weight of the evidence and that the evidence was legally insufficient to support a conviction; and (3) his sentence was harsh and excessive and should be reduced in the interest of justice. ECF No. 15 at 1-38. Petitioner also filed a *pro se* supplemental brief, in which he argued that the trial court should have granted his cause challenge to a second prospective juror, "N.S." ECF No. 15 at 42-44. The Fourth Department unanimously affirmed Petitioner's conviction on July 5, 2019, and the New York Court of Appeals denied leave to appeal on September 10, 2019. *People v. Cross*, 174 A.D.3d 1311 (4th Dep't 2019), *leave denied*, 34 N.Y.3d 950 (2019). Petitioner has not filed any other petition, application, or motion challenging his conviction. ECF No. 1 at 3.

On November 30, 2020, Petitioner filed the present petition. ECF No. 1. Petitioner seeks relief on the following grounds: (1) the trial court violated his right to a fair trial when it declined to dismiss prospective juror A.B.; (2) the trial court violated his right to a fair trial when it declined to dismiss prospective juror N.S.; (3) the trial court abused its discretion by sentencing him to the statutory maximum for attempted murder, 25 years imprisonment; and (4) the verdict was against the weight of the evidence and the evidence was legally insufficient to support his conviction. *See* ECF No. 1 at 5-10.

**LEGAL STANDARD**

Under 28 U.S.C. § 2254, a petitioner may challenge his imprisonment pursuant to a state criminal judgment on the ground that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the petitioner raises a claim that was adjudicated in state-court proceedings, he is entitled to relief only if that adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1), (2).

"A principle is 'clearly established Federal law' for § 2254(d)(1) purposes only when it is embodied in a Supreme Court holding, framed at the appropriate level of generality." *Washington v. Griffin*, 876 F.3d 395, 403 (2d Cir. 2017) (internal quotation marks, brackets, and citations omitted). "A state court decision is 'contrary to' such clearly established law when the state court either has arrived at a conclusion that is the opposite of the conclusion reached by the Supreme Court on a question of law or has decided a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Id.* (internal quotation marks omitted). "An unreasonable application occurs when the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case, so that the state court's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (internal quotation marks and ellipses omitted).  In analyzing a habeas claim, "[f]ederal habeas courts must presume that the state courts' factual findings are correct unless a petitioner rebuts that presumption with clear and convincing evidence." *Hughes v. Sheahan*, 312 F. Supp. 3d 306, 318 (N.D.N.Y. 2018) (internal

quotation marks omitted). "A state court decision is based on a clearly erroneous factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Id.*

Where, as here, the petitioner is proceeding *pro se*, the district court must read the pleadings liberally and construe them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### DISCUSSION

Petitioner seeks relief on four grounds. He contends that (1) the trial court should have granted his cause challenge to prospective juror A.B.; (2) the trial court also should have granted his cause challenge to prospective juror N.S.; (3) the verdict was against the weight of the evidence and the evidence was legally insufficient to support a conviction; and (4) the trial court vindictively imposed the statutory maximum term of imprisonment for his conviction of attempted murder.

As explained below, Petitioner's claim that the trial court should have granted his cause challenge to prospective juror A.B. is procedurally defaulted. Petitioner's claims regarding his cause challenge to prospective juror N.S. and legal insufficiency are reviewable, but without merit. His vindictive sentencing claim is unexhausted and not procedurally defaulted, but is likewise without merit. Accordingly, none of Petitioner's claims warrant relief and his petition is dismissed.

### I.    Exhaustion and Procedural Default

Generally, a federal court may not grant a habeas petition unless "it appears that the applicant has exhausted the remedies available in the courts of the State; or that there is either an absence of available State corrective process; or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b)(1). To satisfy this exhaustion requirement, a petitioner must present the "substance of the same federal constitutional

claim[s] that he now urges upon the federal courts to the highest court in the pertinent state."
*Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (internal quotation marks and citations omitted).

A petitioner need not cite "chapter and verse of the Constitution." *Carvajal v. Artus*, 633
F.3d 95, 104 (2d Cir. 2011). But he must at least present his challenge in terms "likely to alert the
[state] court[s] to the claim's federal nature." *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).
A petitioner may satisfy this requirement through:

> (a) reliance on pertinent federal cases employing constitutional
> analysis, (b) reliance on state cases employing constitutional
> analysis in like fact situations, (c) assertion of the claim in terms
> so particular as to call to mind a specific right protected by the
> Constitution, and (d) allegation of a pattern of facts that is well
> within the mainstream of constitutional litigation.

*Carvajal*, 633 F.3d at 104 (quoting *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982)
(en banc)).

When a petitioner has failed to exhaust his state remedies such that a state court would
deem his federal claim procedurally barred, the habeas court "must deem the claim procedurally
defaulted." *Aparicio*, 269 F.3d at 90 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).
A petitioner may escape dismissal on the merits of a procedurally defaulted claim only by
demonstrating either (1) cause for the default and prejudice or (2) that he is actually innocent of
the crime for which he was convicted. *Id.*

Petitioner did not raise his federal claim regarding prospective juror A.B. on direct appeal,
*see* ECF No. 15, but the claim is both exhausted and procedurally defaulted. It is exhausted because
Petitioner was entitled to, and has completed, one direct appeal to the Fourth Department and one
request for leave to appeal to the Court of Appeals, which was denied, resulting in "'an absence of
available State corrective process' under § 2254(b)(1)(B)(i)." *Aparicio*, 269 F.3d at 90 (where
claim has never been presented to a state court and would be procedurally barred by state law,

court may find absence of available state corrective process and may therefore deem claim exhausted). While Petitioner raised the trial court's denial of his cause challenge on direct appeal, he failed to do so on federal grounds, relying instead entirely on state statutory grounds. In his main brief, he asserted that the court erred in denying his cause challenge because prospective juror A.B. had an "'implied bias,' or a preexisting relationship with a potential witness or interested party that is 'likely to preclude [them] from rendering an impartial verdict.'" ECF No. 15 at 23 (citing N.Y. Crim. Proc. Law § 270.20(1)(c)). Petitioner asserted that § 270.20(1)(c) "aims to protect a defendant's state and federal right to a fair trial," but the cases on which Petitioner relied confine the issue of "implied bias" to the context of a claim grounded in the New York statute, not the federal constitution. *See* ECF No. 15 at 23-26; *see also People v. Furey*, 18 N.Y.3d 284, 286-88 (2011) (concluding prospective juror's relationships with witnesses rose to level of implied bias warranting automatic exclusion under § 270.20(1)(c)); *People v. Lynch*, 95 N.Y.2d 243, 248 (2000) (noting that student intern employed by prosecuting agency should have been dismissed for cause on state law grounds); *People v. Southall*, 156 A.D.3d 111, 124 (1st Dep't 2017) (concluding that prospective juror who, among other things, had recently applied for employment with the prosecuting agency constituted should have been removed for cause under § 270.20(1)(c)); *People v. Greenfield*, 112 A.D.3d 1226, 1229 (3d Dep't 2013) (concluding that prospective juror's professional relationship with prosecuting agency required juror's dismissal under § 270.20(1)(c)). While Petitioner asserted that the purpose of the state statute is to protect his federal constitutional right to a fair trial, ECF No. 15 at 23, that "general appeal" to a broad federal right did not fairly present his federal claim to the Fourth Department. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996).

Moreover, Petitioner may not collaterally attack his conviction on this basis under New York law because the record would permit adequate review of this claim on direct appeal. *See* N.Y. Crim. Proc. Law § 440.10(2)(c). Because a New York court would find Petitioner's claim procedurally barred, this Court "must deem [it] procedurally defaulted." *Aparicio*, 269 F.3d at 91 (citing *Coleman*, 501 U.S. at 735 n.1). And, because Petitioner has not made the showing of cause and prejudice or actual innocence required to avoid procedural default, this claim is not subject to federal habeas review. *See id.* at 90.

Unlike his challenge to prospective juror A.B., Petitioner has exhausted his state remedies with respect to his claim regarding his cause challenge to prospective juror N.S. and his legal insufficiency claim. Petitioner fairly presented his federal claim regarding prospective juror N.S. to the Fourth Department in his *pro se* supplemental brief, where he argued that the trial court's denial of his cause challenge deprived him of his "Due Process Right to be judged by [an] impartial jury of his peers." ECF No. 15 at 42. Petitioner specifically framed his claim as one arising under the Sixth and Fourteenth Amendments, as well as *Duncan v. Louisiana*, 391 U.S. 145 (1968). *Id.* This was sufficient to present the federal claim to the Fourth Department. *See Davis v. Strack*, 270 F.3d 111, 122 (2d Cir. 2001) (claim fairly presented where petitioner mentioned due process right to fair trial and Fourteenth Amendment in point heading); *Salcedo v. Artuz*, 107 F. Supp. 2d 405, 415 (S.D.N.Y. 2000) (mentioning constitutional amendment at issue is sufficient to fairly present the constitutional claim to state courts).

Likewise, Petitioner exhausted his state remedies with respect to his legal sufficiency claim. At trial, he moved for a trial order of dismissal at the close of the prosecution's case, specifically challenging the sufficiency of the evidence connecting him to the December 11 shooting. ECF No. 13 at 439-441. Petitioner then raised the issue in his main brief before the

Fourth Department, ECF No. 15 at 32-33, and, by reference, in his application for leave to appeal to the New York Court of Appeals, ECF No. 16 at 5. *See Morgan v. Bennett*, 204 F.3d 360, 369-71 (2d Cir. 2000) (leave application requesting review of all issues outlined in accompanying briefs sufficient to present issue to New York Court of Appeals).

Finally, Petitioner's vindictive sentencing claim is neither exhausted nor procedurally defaulted. He did not raise his vindictive sentencing claim on direct appeal. *See* ECF Nos. 15, 16. Instead, Petitioner asserted that his sentence was unduly harsh and severe and that the Fourth Department should exercise its statutory authority to reduce his sentence in the interest of justice.[2] ECF No. 15 at 34-37. Petitioner's brief cited neither federal constitutional provisions nor cases analyzing such provisions. *See generally id.* The only reference to federal law in Petitioner's brief was a citation to the sentencing factors that federal courts must consider set forth in 18 U.S.C. § 3553(a). *See id.* at 37. Because Petitioner asserted only state law grounds—the Fourth Department's statutory authority to reduce or modify an unduly harsh and severe sentence—he did not exhaust his state remedies with respect to his federal vindictive sentencing claim.

While Petitioner's vindictive sentencing claim is unexhausted, it is not procedurally defaulted because state procedural rules would not bar him from raising it on collateral attack. Under New York Criminal Procedure Law § 440.20(1), a defendant may at any time move to set aside his sentence "upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." Unlike a motion to vacate a conviction under § 440.10, the court is not required to deny a motion to set aside a sentence where the defendant unjustifiably failed "to raise

---

[2] Petitioner also raises this claim in the present petition. ECF No. 1 at 9. To the extent he relies on the state law grounds, such a claim is not cognizable on habeas review. *See Brewster v. People of State of N.Y.*, No. 08-CV-4653, 2010 WL 92884, at *9 (E.D.N.Y. Jan. 6, 2010). To the extent he argues that his sentence violates the Eighth Amendment, the Court rejects this argument, as no "federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

such ground or issue" on direct appeal. *Compare* N.Y. Crim. Proc. Law § 440.10(2)(c) (court must deny motion to vacate on a record-based issue where defendant failed to raise the issue on direct appeal) *with* N.Y. Crim. Proc. Law § 440.20(2) (court must deny motion to set aside sentence when ground or issue was "previously determined on the merits" on appeal from the judgment or sentence). Instead, § 440.20 permits a defendant to move to set aside his sentence at any time after conviction unless the issue was previously decided on the merits on direct appeal.

Because Petitioner did not raise the vindictive sentencing claim before the Fourth Department, it was not previously determined on the merits. *See Cross*, 174 A.D.3d at 1315. It is therefore not procedurally barred under § 440.20. *See DeVaughn v. Graham*, No. 14-CV-2322, 2017 WL 244837, at *14 (E.D.N.Y. Jan. 19, 2017) (unexhausted sentencing claim not procedurally barred where petitioner could move to set aside his sentence under § 440.20).

Petitioner has therefore submitted a mixed petition, that is, one including exhausted and unexhausted claims. A district court confronted with a mixed petition "can offer the petitioner the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims." *Pratt v. Greiner*, 306 F.3d 1190, 1196-97 (2d Cir. 2002) (internal quotation marks omitted) (quoting *McKethan v. Mantello*, 292 F.3d 119, 122 (2d Cir. 2002)). However, a district court may also deny such a petition on the merits, even though it contains an unexhausted claim. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). "Courts in this Circuit generally exercise their discretion to reach the merits of a mixed petition where an unexhausted claim is 'patently frivolous.'" *Smith v. New York*, No. 20-CV-9708, 2023 WL 359568, at *11 (S.D.N.Y. Jan. 20,

2023); *see also Naranjo v. Filion*, No. 02-CV-5549, 2003 WL 1900867, at *8 (S.D.N.Y. Apr. 16, 2003) (collecting cases).

Moreover, a stay and abeyance is only appropriate where there was good cause for the petitioner's failure to exhaust his claim in state court. *Rhines v. Weber*, 44 U.S. 269, 277 (2005). Nevertheless, even where a petitioner has shown good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Because Petitioner's claim is both patently frivolous and plainly meritless, the Court will review—and dismiss—Petitioner's vindictive sentencing claim.

## II.    Petitioner's Reviewable Claims

Petitioner has raised three reviewable claims: (1) the denial of his cause challenge to prospective juror N.S.; (2) legal insufficiency; and (3) vindictive sentencing. For the reasons that follow, none of these claims merit relief. Petitioner's request for habeas corpus relief is therefore denied and his petition is dismissed.

### A.  Petitioner's Cause Challenge to Prospective Juror "N.S."

Petitioner asserts that the trial court deprived him of his constitutional right to a fair trial when it denied his cause challenge to prospective juror N.S. on the grounds of the "implied bias" arising out of his law enforcement background. *See* ECF No. 1 at ECF No. 3 at 6-11. For the reasons that follow, this claim is without merit.

Although Petitioner raised this claim in his *pro se* supplemental brief, the Fourth Department did not expressly address it. *See Cross*, 174 A.D.3d at 1313-14. The Fourth Department's failure to address the claim does not, however, render it unexhausted. *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). Instead, where a state court has denied relief, but has not explained its reasons for doing so, the habeas petitioner's burden must still "be met by showing

that there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). Petitioner has failed to meet this burden.

During jury selection, the prospective juror stated that he had worked for a local police department for almost thirty-four years before retiring, and that he currently worked part-time for two local law enforcement agencies. ECF No. 12 at 261. When defense counsel asked if he "would believe that [police officers] are telling the truth simply because they are taking the stand," the prospective juror responded that "[t]hat would be the expectation but it's not always true." *Id.* at 290. When defense counsel followed up and asked whether he would give "more credibility to the police officers because of the relationship that [he has] previously had with police officers," he stated that he "would base it more on testimony that the officer gave." *Id.* at 290-91. He also noted that throughout his career, he had seen police officers "fudge the truth." *Id.* at 291. He also acknowledged that, as a police officer, he had worked with the District Attorney's office in prosecuting cases. *Id.* at 295-96.

Defense counsel challenged the prospective juror for cause on the grounds that he was presently employed as a police officer, that he had worked closely with the prosecuting agency, and that he had an extensive relationship with law enforcement. *Id.* at 305-06. The trial court denied the challenge, noting that he had "seen police officers act both ways" and "would not give any more or less credibility to a police officer" than any other witness. *Id.* at 306. The court concluded that he said nothing to indicate that he would not be fair and impartial and denied the cause challenge. *Id.* Petitioner exercised a peremptory challenge to eliminate him from the jury pool, and subsequently exhausted all of his peremptory challenges. *Id.* at 307, 504.

Petitioner's claim that the trial court's denial of his cause challenge deprived him of his right to a fair trial is without merit. The Sixth and Fourteenth Amendments guarantee a defendant

the right to an impartial jury. *Ross v. Oklahoma*, 487 U.S. 81, 85 (1988). But, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.*; *see also United States v. Morales*, 185 F.3d 74, 84 (2d Cir. 1999). After the trial court denied his cause challenge, Petitioner used a peremptory strike to exclude prospective juror N.S. Petitioner does not argue, and there is no indication in the record, that the jury that ultimately heard his case—which did not include the challenged juror—was less than impartial. Accordingly, Petitioner's claim that the trial court deprived him of his constitutional right to a fair trial when it denied his cause challenge to prospective juror N.S. must be dismissed.

To the extent that Petitioner challenges the trial court's denial of his cause challenges under Criminal Procedure Law § 270.20(1)(c), such a claim is a matter of state law and does not provide a basis for federal habeas relief. *Morgan v. Walsh*, No. 01-CIV-1360, 2003 WL 22019835, at *3 (S.D.N.Y. Aug. 27, 2003) (citing *Knapp v. Leonardo*, 46 F.3d 170, 181 (2d. Cir. 1995)).

### B.  Legal Insufficiency

Petitioner asserts that his conviction was based on legally insufficient evidence because the testimony identifying him as the shooter on December 11 was unreliable and inconsistent. *See* ECF No. 1 at 6; ECF No. 3 at 15-16. He also asserts that the verdict was against the weight of the evidence. *See* ECF No. 1 at 6. For the reasons that follow, his claim is without merit.

The Due Process Clause of the Fourteenth Amendment prohibits conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On federal habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A petitioner "bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence." *Policano v. Herbert*, 507 F.3d 111, 116 (2d. Cir. 2007). This is because a habeas court's review of a legal insufficiency claim is "doubly deferential," as a district court may not grant a petition on legal insufficiency grounds "unless [it] conclude[s] that *no* reasonable court could have held that any reasonable jury could have read the evidence to establish petitioner's guilt beyond a reasonable doubt." *Garbutt v. Conway*, 668 F.3d 79, 81 (2d Cir. 2012).

The thrust of Petitioner's claim is that the prosecution failed to present evidence sufficient to establish his identity as the shooter on December 11. ECF No. 1 at 6; *see also People v. Warren*, 76 N.Y.2d 773, 775 (1990) (identity of defendant as person who committed the crime is an element that the prosecution must prove beyond a reasonable doubt). Petitioner asserts that the prosecution presented "little evidence" with respect to the December 11 shooting, and specifically challenges the reliability of Hernandez's and Castro's identification testimony, arguing that both witnesses "overstated their familiarity" with him. ECF No. 1 at 6. Therefore, he argues, they also overstated "their ability to distinguish him from someone else." *Id.* He also asserts that the identification testimony of Clark, a jailhouse informant, was "purely self-serving." ECF No. 3 at 16; *see also* ECF No. 1 at 6. At bottom, Petitioner asks this Court to revisit the jury's determinations of credibility and consistency. However, to the extent that there were any such issues, they were for the jury to resolve, and it did so in favor of the prosecution. *See Maldonado v. Scully*, 86 F.3d 32, 36 (2d Cir. 1996) ("assessments of . . . the credibility of witnesses are for the jury and not grounds for reversal on appeal"). Petitioner has not presented any reason to disturb that resolution. *See Shamsuddin v. Smith*, 578 F. Supp. 3d 328, 339 (N.D.N.Y. 2022).

Petitioner first challenges the reliability of the identification testimony of Hernandez and Castro. His main complaint is that both witnesses "overstated their familiarity" with him. ECF No. 1 at 6. While it is true that Hernandez initially stated that he and Petitioner played on the same youth football team, he later conceded that he played on an opposing team. ECF No. 12 at 768, 781. In any event, youth football was far from the only basis for Hernandez's familiarity with Petitioner. *Id.* Hernandez had seen Petitioner more than fifty times over the course of ten years, including as recently as three years before the trial. *Id.* at 768-69. Hernandez testified that, on that occasion, he ran into Petitioner at a club, and his friends and a group of Petitioner's friends engaged in a conversation for about half an hour. *Id.* at 769. Moreover, Hernandez had a clear view of the shooter's face before the first bullet struck him. *Id.* at 765-66. This permitted Hernandez to immediately recognize the shooter as Petitioner, select Petitioner's photograph from a photo array, and identify him in two police-arranged line-ups. *Id.* at 770-72, 890-902.

Castro, on the other hand, acknowledged on cross-examination that he was not familiar with Petitioner before the shooting. *Id.* at 847, 857. But, like Hernandez, Castro had a clear view of the shooter's face on the day of the shooting, which allowed him to select Petitioner's photograph from a photo array and to identify Petitioner in two police-arranged line-ups. *Id.* at 843-50, 897, 899-901. He also testified that he only learned of the shooter's name once Hernandez told him. *Id.* at 872-873.

Finally, even if Clark's testimony was "self-serving," this alone does not render the evidence legally insufficient. *See Pace v. Herbert*, No. 04-CV-843, 2009 WL 3046714, at *5 (W.D.N.Y. Sept. 17, 2009) (jailhouse informant's testimony sufficient to establish each element of crimes charged where informant received favorable treatment from prosecution and admitted prior bad acts). Clark clearly hoped to benefit from cooperating with the prosecution. Nevertheless,

what the prosecution did—and did not—promise him was fully explored on direct and cross-examination. *See* ECF No. 13 at 294-344. Clark admitted to his federal felony conviction and stated that he spoke with Petitioner at the Erie County Holding Center. *Id.* at 294-95. He also acknowledged that he hoped to receive a reduction in his federal sentence in exchange for his testimony. *Id.* at 304. He also stated that the prosecutor had not promised a specific sentence reduction, only that he would contact the federal prosecutor on Clark's behalf. *Id.* 304-05, 342. While Clark admitted to claiming that the prosecution would "take whatever information" he had, he repeatedly denied inventing the details of the shooting. *Id.* at 334-45.

To the extent that the testimony of Hernandez, Castro, and Clark presented issues of consistency and credibility, Petitioner has presented no reason for the Court to disturb the jury's resolution of those issues in favor of the prosecution. *See Shamsuddin*, 578 F. Supp. 3d at 339; *Pace*, 2009 WL 3046714, at *4. Hernandez and Castro had a clear view of the shooter that allowed Hernandez to identify him by name immediately and allowed both Hernandez and Castro to identify him in multiple police-arranged identification procedures. To the extent Clark stood to gain from cooperating with the prosecution, his testimony provided the jury ample opportunity to evaluate his credibility. Accordingly, viewing the evidence in the light most favorable to the prosecution, and deferring to the jury's resolution of issues of credibility and consistency, supports the Fourth Department's conclusion that the evidence was legally sufficient to support the conviction. *See Cross*, 174 A.D.3d at 1314. Accordingly, Petitioner's legal sufficiency claim is dismissed.

Moreover, because Petitioner's weight of the evidence claim is based entirely on state law, that claim is not cognizable on federal habeas corpus review. *Blocker v. Graham*, 2022 WL 309952, at *21 (W.D.N.Y. Feb. 2, 2022) (quoting *McKinnon v. Superintendent, Great Meadow*

*Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011) (unpublished)); see also *People v. Danielson*, 9 N.Y.3d 342, 348 (2007) (discussing state-law basis for right to weight of the evidence review).

### C.  Vindictive Sentencing

Petitioner argues for the first time in his petition that the trial court vindictively imposed an aggregate 25-year term of imprisonment because he exercised his constitutional right to go to trial. ECF No. 3 at 14. Petitioner's federal claim is neither exhausted nor procedurally defaulted. Nevertheless, the Court concludes that it is patently frivolous and plainly meritless, and Petitioner's vindictive sentencing claim is therefore dismissed.

The Sixth Amendment guarantees criminal defendants the right to a trial by jury. Imposing a vindictive sentence in response to a defendant's decision to exercise that right "is a due process violation 'of the most basic sort.' *Lowery v. Superintendent, Attica Corr. Facility*, No. 19-CV-6612, 2023 WL 1448046, at *9 (W.D.N.Y. Feb. 1, 2023) (quoting *United States v. Goodwin*, 457 U.S. 368, 372 (1982)). A sentence is therefore "unconstitutionally vindictive if it imposes greater punishment because the defendant exercised" his constitutional right to a jury trial. *Izaguirre v. Lee*, 856 F. Supp. 2d 551, 572 (E.D.N.Y. 2012) (citing *Wasman v. United States*, 486 U.S. 559, 567-68 (1984)).

A habeas petitioner may show a due process violation based on the trial court's vindictiveness "either by producing evidence of actual vindictiveness, or by producing evidence from which vindictiveness may be presumed, subject to rebuttal by the respondent." *Lowery*, 2023 WL 1448046 at *9. A presumption of vindictiveness arises when the circumstances create a "realistic likelihood" that the trial court acted out of a vindictive, rather than a legitimate, motivation. *See id.* (quoting *U.S. v. Johnson*, 171 F.3d 139, 140-41 (2d Cir. 1999)). This presumption arises only where "the totality of the objective circumstances" makes it likely that the

trial court imposed the sentence "in retaliation for the criminal defendants 'invocation of a permitted procedure.'" *Id.* at *10 (quoting *U.S. v. King*, 126 F.3d 394, 398 (2d Cir. 1997)). The mere fact that the trial court, following conviction, imposed a sentence higher than the plea offer does not, in and of itself, establish either actual vindictiveness or a presumption of vindictiveness. *See id.* at *11; *Brewster*, 2010 WL 92884, at *11.

Petitioner has failed to establish either presumptive or actual vindictiveness on the part of the trial court. Petitioner's claim of vindictiveness rests on two grounds: (1) the eight-year disparity between the sentence imposed after trial and the plea offer and (2) multiple adverse rulings during jury selection. ECF No. 3 at 14-15. Without more, the disparity between the plea offer and Petitioner's sentence does not establish that the trial court acted with unconstitutional vindictiveness. *See Lowery*, 2023 WL 1448046, at *11; *Lewis v. Graham*, No. 13-CV-993, 2018 WL 3819557, at *8 (W.D.N.Y. Aug. 10, 2018). In fact, the trial court never mentioned the plea offer at sentencing. *Cf. Wu v. Jones*, No. 19-CV-1284, 2023 WL 2617149, at *39 (N.D.N.Y. March 8, 2023) (finding no vindictiveness where sentencing court considered rejected plea offer at sentencing). Similarly, the trial court's adverse rulings were not indicative of any bias against Petitioner that would support a claim of either presumptive or actual vindictiveness in sentencing. *Cf. Lane v. Graham*, No. 14-CV-1261, 2016 WL 154111, at *13 (N.D.N.Y. Jan. 12, 2016) (adverse rulings, standing alone, are not probative of judicial bias). Nor did the trial court threaten Petitioner with a more severe sentence if he elected to go to trial. *See Brewster*, 2010 WL 92884, at *11 (citing *Fielding v. Lefevre*, 548 F.2d 1102, 1106 (2d Cir. 1977)).

Accordingly, Petitioner has failed to establish that the trial court acted with unconstitutional vindictiveness when it imposed an aggregate sentence of 25 years in prison. The trial court reviewed "the entire file" before sentencing and explained its reasoning without reference to

Petitioner's exercise of his right to trial. ECF No. 13 at 655-56. The court instead relied on several

factors, including Petitioner's background and the nature of the offense. The court acknowledged

Petitioner's difficult childhood and minimal criminal record. *Id.* But it also noted the seriousness

of Petitioner's conduct and its lasting effects on the victim and the victim's family. *Id.* Specifically,

the court stated that Petitioner's conduct did not "just affect one person's life, it "affected a whole

family . . . all of his acquaintances . . . forever for the rest of all of their lives." *Id.* At no point did

the court state or imply that the sentence was based on his decision to go to trial. *See id.* The court's

sentence was therefore based on permissible, non-retaliatory considerations, not vindictiveness.

*See Lowery*, 2023 WL 1448046, at *11-13. Accordingly, Petitioner's unexhausted vindictive

sentencing claim is dismissed as patently frivolous and plainly meritless.

## CONCLUSION

Petitioner's request for habeas relief is DENIED and his petition, ECF No. 1, is

DISMISSED.  Because Petitioner has not made a substantial showing of the denial of the

constitutional right, a certificate of appealability is DENIED.  The Clerk of Court shall enter

judgment and close the case.

IT IS SO ORDERED.

Dated: May 3, 2023
        Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York